IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00009-WDM-CBS

MILISA J. POLASKI,

    Plaintiff,

v.

DEPARTMENT OF TRANSPORTATION OF THE STATE OF COLORADO,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued May 9, 2005, that defendant's motion to dismiss be granted and that this case be dismissed with prejudice.  Plaintiff Milisa Polaski filed a timely objection to this recommendation.  28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including the *pro se* complaint, the parties' filings on the motion to dismiss, the recommendation, and the objection.  I conclude the recommendation should be accepted.

Magistrate Judge Shaffer concluded in the recommendation that Polaski failed to allege any personal participation on the part of a Colorado Department of Transportation official or representative and therefore has failed to state a claim under 42 U.S.C. § 1983. In addition, Polaski's claim is essentially a tort claim stemming from her fall on an icy stairway at the Vail Pass Rest Area.  As Magistrate Judge Shaffer observed, her claim

does not "rise to the level of a cognizable constitutional violation within the meaning of § 1983." Recommendation, at 4.  Finally, the recommendation finds that the complaint should be dismissed because defendant is entitled to Eleventh Amendment immunity.

Although Polaski argues she should be allowed to amend her complaint to name individual defendants to circumvent the personal participation and Eleventh Amendment immunity problems identified in the motion to dismiss.  Unfortunately, such an amendment would be futile because her claim, even as described in the objection, is one for gross negligence, which is not cognizable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (original emphasis).

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued May 9, 2005, is accepted.
2. The motion to dismiss, filed August 16, 2004, is granted.
3. This case is dismissed with prejudice.

DATED at Denver, Colorado, on July 25, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge

PDF FINAL